IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

RONALD L. ATKINS,

      Plaintiff,

V.                                    CIVIL ACTION NO. 3:09-0078

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

## **MEMORANDUM ORDER**

In this action, filed under the provisions of 42 U.S.C. §§ 405(g) and 1383(c)(3), plaintiff seeks review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security income based on disability. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

Plaintiff filed his applications on August 17, 2004, alleging disability commencing August 5, 2001, as a consequence of injury to both shoulders, rib injury, headaches, problems sleeping, numbness in hands, bad back, trouble with thigh muscle, depression and arthritis. On appeal from initial and reconsidered denials, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was fifty-one years of age and had obtained a high school diploma, with special education classes. His past relevant employment experience consisted of work as a school custodian and janitor at Wal-Mart. In his decision, the administrative law judge determined that plaintiff suffers from osteoarthritis, low back pain, headaches, adjustment disorder with mixed anxiety and depressed mood and borderline intellectual functioning, impairments he found severe. Concluding that plaintiff had the residual functional capacity for a limited range of medium level work and that his past work was not precluded by these limitations the administrative law judge found him not disabled.

Plaintiff contends that the administrative law judge failed to set forth an appropriate hypothetical question for the vocational expert. To be relevant or helpful, a vocational expert's opinion must be based upon consideration of all relevant evidence of record, and it must be in response to a hypothetical question which fairly sets out all of the claimant's impairments. Walker v. Bowen, 889 F.2d 47, 51 (4th Cir. 1989). The administrative law judge chose to give great weight to the functional capacity assessment completed by Dr. Franyutti, a state agency physician, as it was supported by the record as a whole. Dr. Franyutti was aware of the previous administrative law judge's finding limiting plaintiff to light work, but felt that plaintiff was capable of medium exertion based on the more recent medical evidence, which included a consultative evaluation by Dr. Burns. After considering the entire record, the administrative law judge presented a hypothetical question which indicated an ability to concentrate and adjust to ordinary changes in work routine, but limited plaintiff to medium level work involving no exposure to temperature extremes, and was simple, repetitive and low stress, though not requiring special supervision.

Plaintiff contends that the administrative law judge should have included the specific psychological limitations identified in the mental residual functional capacity assessments and not just the narrative statements written by the psychologists. Contrary to plaintiff's allegation, Social Security's Program Operations Manual System (POMS) provides that:

> It is the narrative written by the psychiatrist or psychologist in section III ... that adjudicators are to use as the assessment of residual functional capacity. Adjudicators must take the residual functional capacity assessment in section III and decide what significance the elements discussed in this residual functional capacity assessment have in terms of the person's ability to meet the mental demands of past work or other work. This must be done carefully using the adjudicator's informed professional judgment.

POMS Section DI 25020.010(B)(1). It is, thus, clear that the administrative law judge acted in accordance with the Agency's established procedures when he relied upon the narrative provided, as opposed to the individual findings in the assessment. Based on the foregoing, the Court believes that the hypothetical question posed to the vocational expert accurately reflected limitations established by the evidence, including exertional and nonexertional limitations.

Plaintiff also alleges that the administrative law judge failed to make the specific findings required by SSR 82-62 when he found him to be capable of his past relevant work. SSR 82-62 states that:

> In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact:
>    1. A finding of fact as to the individual's residual functional capacity.
>    2. A finding of fact as to the physical and mental demands of the past job/occupation.
>    3. A finding of fact that the individual's residual functional capacity would permit a return to his or her past job or occupation.

Plaintiff conceded that the administrative law judge made a specific finding of fact regarding his residual functional capacity in accordance with the first requirement.  It is clear to the Court that the administrative law judge also made specific findings as to the second and third requirements.  The administrative law judge noted that the plaintiff's past work included work as a school janitor and as a custodian at Wal-Mart, which he noted to be at the medium level of exertion and unskilled.  Additionally, the administrative law judge adopted the vocational expert's testimony that an individual with plaintiff's residual functional capacity would be able to perform his past work.

Lastly, plaintiff asserts that the administrative law judge failed to properly apply Acquiescence Ruling 00-1(4) by not making the specific findings required by the ruling.  AR00-1(4) states that when there is a prior claim, an administrative law judge must consider this "prior finding as evidence and give it appropriate weight in light of all relevant facts and circumstances."  It is clear that the administrative law judge considered the prior finding, as he specifically noted that the previous administrative law judge found plaintiff limited to light work.  In evaluating the evidence, the administrative law judge noted that the residual functional capacity assessment provided by the state agency medical advisor limited plaintiff to medium exertion, and the more recent evidence showed only minimal findings on examination.  For these reasons, he found that, despite the prior finding, plaintiff was capable of medium level exertion that included his past relevant work.

Review of the record establishes to the Court's satisfaction that the administrative law judge's findings with respect to plaintiff's impairments, the resultant work-related limitations, and the weight given various medical opinions are supported by substantial evidence.  Under such circumstances, the decision of the Commissioner must be affirmed.

On the basis of the foregoing, it is **ORDERED** that plaintiff's motion for judgment on the pleadings be denied, that the like motion of defendant be granted, and the decision of the Commissioner affirmed. All matters in this case being concluded, it is **ORDERED** dismissed and retired from the Court's docket.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

ENTER: March 30, 2010

*/s/ Maurice S. Taylor, Jr.*
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE